## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL ROLDAN,

                Petitioner

      v.

WARDEN J. GREENE,

             Respondent.

CIVIL ACTION NO. 3:24-CV-00931

(MEHALCHICK, J.)

### MEMORANDUM

Pending before the Court is Petitioner Angel Roldan's ("Roldan") petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1). For the reasons set forth below, the petition will be dismissed as moot.

### I.   BACKGROUND

On June 4, 2024, the Court received and docketed a Section 2241 Petition for Writ of Habeas Corpus filed by Roldan who was incarcerated at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. (Doc. 1). The Petition alleges that the Bureau of Prisons ("BOP") failed to properly apply credit to Roldan's sentence under the First Step Act.[1] On June 10, 2024, the court entered an order serving a copy of the Petition on Warden J. Greene ("Respondent"). (Doc. 4). On June 24, 2024, the Court received and docketed a change of address letter informing the Court that he had been moved to a halfway

---

[1] The First Step Act states that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. 3632(c)(4)(C).

house. (Doc. 7). In light of the Roldan's release to a halfway house, the Court entered an order to show cause as to why the Petition should not be dismissed as moot by July 18, 2024. (Doc. 9). Roldan has failed to respond to the Court's order.

## II.   <u>DISCUSSION</u>

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *See Abreu*, 971 F.3d at 406 (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *See Abreu*, 971 F.3d at 406 (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *see Abreu*, 971 F.3d at 406. (citations omitted), or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." *See Burkey*, 556 F.3d at 148. (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" *See Abreu*, 971 F.3d at 406 (quoting *Burkey*, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" *See Abreu*, 971 F.3d at 406 (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the court finds that the instant petition is generally moot as Roldan was released to a halfway house and early release to such a facility is the end result of the application of earned time credits under the First Step Act, 18 U.S.C. 3632(c)(4)(C). Roldan may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. *See Abreu*, 971 F.3d at 406. However, the period of time granted for Roldan to demonstrate that he continues to suffer from secondary or collateral consequences of his federal sentence has passed, and Petitioner has failed to respond. As a result, his petition will be dismissed as moot.

## III.   <u>CONCLUSION</u>

Accordingly, for the reasons set forth above, Petitioner's Section 2241 petition will be dismissed as moot. An appropriate order follows.

**Dated: July 24, 2024**

*s/ Karoline Mehalchick*
_____
**KAROLINE MEHALCHICK**
**United States District Judge**